Official Form 416B (12/15)

U.S BANKRUPTCY COURT
FILED
CAMDEN, NJ

2019 FEB 11   P 1: 2

JEANNE A. HAUGHTON

BY:_____
DEPUTY CLERK

**Form 416B  CAPTION (Short Title)**

*(May be used if 11 U.S.C. § 342(c) is not applicable)*

# United States Bankruptcy Court

_____   District Of NEW JERSEY   _____

In re      ROBERT W. KNAAK                      ,

           Debtor

Case No.
18-24064   _____

Chapter
13   _____

[Designation of Character of Paper]

ROBERT W. KNAAK
                   Plaintiff

vs.

WELLS FARGO BANK, N.A.,
                   Defendants

ADV. CASE NO. 18-01617

Official Form 417A (12/15)

U.S BANKRUPTCY COURT
FILED
CAMDEN, NJ

2019 FEB 11 P 1: 21

JEANNE A. ...

BY:_____

DEPUTY CLERK

*[Caption as in Form 416A, 416B, or 416D, as appropriate]*

# NOTICE OF APPEAL AND STATEMENT OF ELECTION

## Part 1: Identify the appellant(s)

1. Name(s) of appellant(s):     Robert W. Knaak

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

   For appeals in an adversary proceeding.
   ☑ Plaintiff
   ☐ Defendant
   ☐ Other (describe) _____

   For appeals in a bankruptcy case and not in an adversary proceeding.
   ☐ Debtor
   ☐ Creditor
   ☐ Trustee
   ☐ Other (describe) _____

## Part 2:  Identify the subject of this appeal

1. Describe the judgment, order, or decree appealed from: Order _____

2. State the date on which the judgment, order, or decree was entered: <u>FEBRUARY 1, 2019</u>

## Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: _____     Attorney: _____

2. Party: _____     Attorney: _____

Party: Wells Fargo Bank N.A.     Attorney: Greenbaum Rowe Smith Ravin Davis
                                 P.O. Box 5600
                                 Woodbridge, NJ, 07095-0988
                                 732-549-5600

## Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☑ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

## Part 5: Sign below

Signature of attorney for appellant(s) (or appellant(s)
if not represented by an attorney)

Date: ___February 8, 2019___

Name, address, and telephone number of attorney
(or appellant(s) if not represented by an attorney):
Robert W. Knaak
413 Pine Avenue
Egg Harbor Township, NJ, 08234
609-277-5770

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

Official Form 417B (12/15)

*[Caption as in Form 416A, 416B, or 416D, as appropriate]*

# OPTIONAL APPELLEE STATEMENT OF ELECTION TO PROCEED IN DISTRICT COURT

**This form should be filed only if all of the following are true:**

- this appeal is pending in a district served by a Bankruptcy Appellate Panel,
- the appellant(s) did not elect in the Notice of Appeal to proceed in the District Court rather than in the Bankruptcy Appellate Panel,
- no other appellee has filed a statement of election to proceed in the district court, and
- you elect to proceed in the District Court.

## Part 1: Identify the appellee(s) electing to proceed in the District Court

1. Name(s) of appellee(s):   Robert W. Knaak

2. Position of appellee(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding.

☑ Plaintiff
☐ Defendant
☐ Other (describe) _____

For appeals in a bankruptcy case and not in an adversary proceeding.

☐ Debtor
☐ Creditor
☐ Trustee
☑ Other (describe) __None__

## Part 2: Election to have this appeal heard by the District Court (applicable only in certain districts)

I (we) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

## Part 3: Sign below

Signature of attorney for appellee(s) (or appellee(s) if not represented by an attorney)

Date: __February 8, 2019__

Name, address, and telephone number of attorney (or appellee(s) if not represented by an attorney):
Robert W. Knaak
413 Pine Avenue
Egg Harbor Township, NJ, 08234
609-277-5770

Official Form 417B          Optional Appellee Statement of Election to Proceed in District Court

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Order Filed on February 1, 2019
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In Re:<br><br>Robert W. Knaak,<br><br>                                                    Debtor | Case No.: 18-24064-ABA |
| Robert W. Knaak,<br><br>                         Plaintiff<br><br>v.<br><br>Wells Fargo Bank, N.A.,<br><br><br><br>                         Defendant. | Adv. No.: 18-1617-ABA<br><br>Judge: Andrew B. Altenburg, Jr.<br><br><br><br><br><br>Hearing Date:  January 29, 2019 |

## ORDER GRANTING MOTION TO DISMISS

The relief set forth on the following pages, numbered two, is hereby **ORDERED**.

**DATED: February 1, 2019**

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

*In re Robert W. Knaak*
*Case No.: 18-24064-ABA*
*Robert W. Knaak v. Wells Fargo Bank, N.A.*
*Adv. No.: 18-1617-ABA*
Order Granting Motion to Dismiss
Page | 2

---

**THIS MATTER** having come before the court on defendant Wells Fargo Bank, N.A.'s

Motion to Dismiss (Doc. No. 4); and plaintiff Robert W. Knaak filed a Response (Doc. No. 10);

And the parties appearing and arguing, and for the reasons set forth on the record and in a

Memorandum Decision entered this same date, and for good cause shown; it is

**ORDERED** that the Motion to Dismiss is GRANTED.

The court reserves the right to revise its findings of fact and conclusions of law.

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY
### MITCHELL H. COHEN U.S. COURTHOUSE
**401 Market Street**
**P.O. BOX 2067**
**CAMDEN, NJ 08101-2067**

(856) 361-2320

Andrew B. Altenburg, Jr.
U.S. BANKRUPTCY JUDGE

February 1, 2019

Mr. Robert W. Knaak
413 Pine Avenue
Egg Harbor Twp, NJ 08234

Lawrence P. Maher, Esq.
Greenbaum, Rowe, Smith, Ravin, Davis
Metro Corporate Campus One
PO Box 5600
Woodbridge, NJ 07095-0988

RE:    *In re Knaak*
       Bankr. No. 18-24064-ABA
       *Knaak v. Wells Fargo Bank, N.A.*
       Adv. Pro. No. 18-1617-ABA
       Hearing Date: January 29, 2019

**FILED**
JEANNE A. NAUGHTON, CLERK

FEB   1 2019

U.S. BANKRUPTCY COURT
CAMDEN, N.J.
BY_____DEPUTY

<u>MEMORANDUM DECISION</u>

Dear Mr. Knaak and Mr. Maher:

This matter was brought before the court on Wells Fargo Bank, NA's Motion to Dismiss the latest adversary proceeding filed by the debtor Robert Knaak against it—Adv. Proc. 18-1617-ABA. (Doc. No. 4) (the "Motion"). This Memorandum Decision, together with record from the hearing on the Motion, constitute this court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

Mr. Knaak has been very litigious with Wells Fargo so far in his bankruptcy case. In his latest challenge to its claim,[1] Mr. Knaak states that this is an action of legal standing; complains that the copy of the Note that he possesses has a maturity date of December 18, 2014 while the copy filed in court by Wells Fargo shows December 18, 2017; and complains that the loan documents show an amortization schedule that ends in December 2012. He argues that the "uncertainty of the Maturity Date" "nullifies and voids the Note *ab initio* or when it was executed." He asks for an order:

- To "strike and void alleged secured creditor and its Associates [sic] Proof of Claim,";
- To provide for inspection of the original note and mortgage;
- Nullifying and voiding the note, mortgage and guaranties;
- For restitution of all money paid since the loan was given; and
- unspecified damages, "putative" damages, and any other damages as the court "seems" just and proper.

---

[1] The court questions why the issues raised in Mr. Knaak's latest complaint were not raised in Mr. Knaak's previously dismissed adversary proceeding against Wells Fargo—Adv. Pro. 18-1533-ABA.

The court notes that on January 24, 2019, Mr. Knaak filed a late response to the Motion. (Doc. No. 10) (the "Response). This court's Local Bankruptcy Rule 9013-2(a)(2) clearly states that any opposition to a motion must be filed and served not later than 7 days before the hearing date, therefore any response was due on or before January 22nd. Even though Mr. Knaak is proceeding self-represented/pro se, and a court is generally required to liberally construe pro se filings, *In re Rusch*, No. BKR. 09-44799, 2010 WL 5394789, at *2 (Bankr. D.N.J. Dec. 28, 2010) (citing *Huertas v. U.S. Dept. of Education*, 2010 WL 2771767 (D.N.J. 2010)), that does not necessarily apply to understanding how to calculate a response date. *Raven v. Madison Area Tech. Coll.*, 443 Fed. Appx. 210, 212–13 (7th Cir. 2011) ("Although we liberally construe pro se filings, . . . we do not enlarge filing deadlines for them."); *Torres v. Curry*, 380 Fed. Appx. 660, 662 (9th Cir. 2010) (holding that pro se status alone is not enough to warrant equitable tolling); *Muntjan v. Waltemeyer*, 38 Fed. Appx. 170, 170–71 (4th Cir. 2002) (finding district court's construing pro se litigant's notice of appeal as containing a request to extend the deadline for its filing an abuse of discretion, particularly since the reasons given by the litigant, that he was pro se and misunderstood the applicable rules, would not warrant relief in any case). *See also Woulard v. Sec'y, Dep't of Corr.*, 707 Fed. Appx. 631, 633–34 (11th Cir. 2017) (stating that litigant must show a "causal connection" between "alleged extraordinary circumstances and the late filing of the petition"). The court notes that in its Notice of Motion, Wells Fargo incorrectly cited Local Bankruptcy Rule 9013-1 instead of 9013-2 for calculating the proper response date. This of no impact. Mr. Knaak's activity, filing multiple motions and adversary proceedings as well as responding to multiple motions, demonstrates that he is competent enough to understand and follow the court's rules and procedures, yet he has a history of failing to do so, including meeting clear deadlines.[2] His failure to timely respond to the Motion alone is a reason to grant the Motion. *See D.N.J. LBR 9013-3(d)*. The court here puts Mr. Knaak on notice that the court will no longer tolerate his failure to comply with court rules and deadlines and/or his use of the court process for an improper purpose and will impose sanctions if he continues.

Nevertheless, a decision on the merits is preferred and warranted. It is important to note that in his Response, Mr. Knaak repeats the same argument that uncertainty of the maturity date renders the Note void *ab initio* - an issue previously decided by this court when raised by him in connection with his "Motion to Compel Wells Fargo Bank to Not Destroy, Alter In Any Way Notes and Stay Adv. Proceeding 18-1533." (Doc. No. 57 in his main bankruptcy case) (the "Motion to Compel"). *See* Doc. No. 57, ¶2, pp.3-4. Indeed, in the complaint here, Mr. Knaak alleged the same facts as in his Motion to Compel. In fact, paragraphs four though 28 of Mr. Knaak's complaint are identical to paragraphs one through 25 of the Motion to Compel. Mr. Knaak also again provided an unexecuted Note as disclosing the 2014 maturity date, as well as the letter from Wells Fargo explaining all of what Mr. Knaak sees as anomalies in the loan transaction, including the amortization schedule. *See* Exhibits A and I to the Complaint (as well as exhibits A and I to the Motion to Compel).

The court rejected Mr. Knaak's argument in his Motion to Compel, and the Order regarding that decision has become final. *See* Exhibit "A" attached hereto. What is more, the law review articles and other attachments to the Response do not support Mr. Knaak's premise. Instead, they discuss that the failure of certainty regarding a maturity date merely renders a Note *non-negotiable*.

---

[2] *See, e.g.*: Main case—Doc. Nos. 7, 12, 25, 65, 75, 76, 84; Adv. Pro. No. 18-1533-ABA—Doc. No. 10; Adv. Pro. No. 18-1617-ABA—Doc. No. 10.

Further, in denying the Motion to Compel, the court explained that the Note reflects that on December 18, 2007 the Knaak Family Trust LLC entered into a 10-year loan based on a 20-year amortization schedule. A balloon payment at the end of the 10 years would pay the remaining amount due. The applicable interest rate was agreed to be hedged for the first five years of the loan—thus explaining the amortization schedule that ends in December 2012—and thereafter would be at the variable rate set forth in the Note. That variable rate is why there is no amortization schedule for the second five years of the loan: it could not be known in advance what interest rate would be charged each month. Mr. Knaak and his wife, Sarah, that same day signed an Unconditional Guaranty of the Note, under which they are jointly and severally liable for the amount owed. As explained by this court in its Memorandum Decision denying Mr. Knaak's Motion for Reconsideration, dated January 15, 2019 (Doc. No. 83 in the main case), this means that Wells Fargo has a claim of $686,411.37 that it can collect in full from either Mr. Knaak or his wife. The court's order with regard thereto is a final order. True and correct copies of the Memorandum Decision denying Mr. Knaak's Motion for Reconsideration and the Order with respect thereto are attached hereto as Exhibit "B."

The Third Circuit has explained that "res judicata bars a claim litigated between the same parties or their privies in earlier litigation where the claim arises from the same set of facts as a claim adjudicated on the merits in the earlier litigation." *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 277 (3d Cir. 2014). It does not matter that the plaintiff "asserts a different theory of recovery or seeks different relief in the two actions." *Id.* (internal quotation omitted). Here, the court has already rejected Mr. Knaak's arguments in denying the Motion to Compel. Thus, res judicata precludes a different result.

Finally, this court agrees with Wells Fargo's arguments in its Motion that the allegations in the complaint are either not true or not relevant. The maturity date is not uncertain, it clearly was December 18, 2017. That an unexecuted copy of the Note has a 2014 date does not overcome that the executed Note states that it matures in 2017. That the Knaak Family Trust has made payments on the Note after 2014 supports that it understood that. Indeed, as Wells Fargo argues, Mr. Knaak "does not deny that the Knaak Family Real Estate Holdings, LLC received the loan proceeds; that he unconditionally guaranteed payment of all amounts due to the Bank when he executed the Unconditional Guaranty of this loan and that the loan has not been repaid. Consequently, whether the Promissory Note matured in 2014 or in 2017, it is undisputed that the remaining balance is now due and owing." Doc. No. 4-1, p. 5.

Accordingly, for the reasons set forth by Wells Fargo and for the reasons set forth herein, as well as res judicata, and for good cause shown, the court now grants Wells Fargo's Motion to Dismiss the Adversary Proceeding docketed at A.P. 18-1617-ABA.

The court reserves the right to revise its findings of fact and conclusions of law.

An appropriate judgment has been entered consistent with this decision and is enclosed.


/s/ Andrew B. Altenburg, Jr.
United States Bankruptcy Judge

EXHIBIT "A"

Case 1:19-cv-05523-NLH 7 Document 1-1 Filed 02/13/19 02 Page 11 of 20 PageID: 11
Case 18-01617-ABA    Doc 17    Filed 02/11/19    Entered 02/11/19 15:54:24    Desc Main
Case 18-01617-ABA    Doc 13 Document01/01/19PageEntered 02/01/19 09:19:09    Desc Main
Document        Page 5 of 14

Case 18-24064-ABA    Doc 81    Filed 01/15/19    Entered 01/16/19 08:17:30    Desc Main
Document        Page 1 of 2

FILED
JEANNE A. NAUGHTON, CLERK

JAN 15 2019

U.S. BANKRUPTCY COURT
CAMDEN, N.J.
BY_____ DEPUTY

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY
### MITCHELL H. COHEN U.S. COURTHOUSE
401 Market Street
P.O. BOX 2067
CAMDEN, NJ 08101-2067

(856) 361-2320

Andrew B. Altenburg, Jr.
U.S. BANKRUPTCY JUDGE

January 15, 2019

Mr. Robert W. Knaak
413 Pine Avenue
Egg Harbor Twp, NJ 08234

Lawrence P. Maher, Esq.
Greenbaum, Rowe, Smith, Ravin, Davis
Metro Corporate Campus One
PO Box 5600
Woodbridge, NJ 07095-0988

RE:    Knaak v. Wells Fargo Bank, N.A.
Adv. Pro. No. 18-1533-ABA
Hearing Date: January 15, 2019

### MEMORANDUM DECISION

Dear Mr. Knaak and Mr. Maher:

This Memorandum Decision, together with record and oral opinion from the hearing on the Motion, constitutes this court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

This matter was brought before the court on the debtor Mr. Knaak's "Motion to Compel Wells Fargo Bank to not Destroy, alter in any way notes and Stay adv. proceeding 18-1533." Doc. No. 57 (the "Motion"). Wells Fargo did not file opposition to the Motion but appeared to be heard. Because the Adversary Proceeding was stayed as a result of Mr. Knaak's appeal, but then the appeal was recently dismissed thereby eliminating the stay and preventing a timely response by Wells Fargo, the court allowed Wells Fargo to appear and argue.

Mr. Knaak states that this is an action of legal standing and complains that the copy of the Note that he possesses has a maturity date of December 18, 2014, while the copy filed in court by Wells Fargo shows December 18, 2017. He also complains that the loan documents show an amortization schedule that ends in December 2012. He argues that the "uncertainty of the Maturity Date" "nullifies and voids the Note ab initio or when it was executed." He asks for an order prohibiting Wells Fargo from altering the original Note and staying or adjourning the adversary proceeding to a "later date." Within his motion but not included in his proposed order is a request for production of the original Note for inspection by a handwriting expert.

The court notes that a letter from Wells Fargo attached to Mr. Knaak's motion at Exhibit I explains that Wells Fargo initially offered the Knaak Family Trust LLC a 10-year loan based on a 20-year amortization schedule. Doc. No. 57-5, p. 34 of 37. A balloon payment at the end of the 10 years would pay the remaining amount due. Id. The applicable interest rate was agreed to be hedged for the first five years of the loan, thus explaining the amortization schedule that ends in December 2012, and

Case 1:19-cv-05523-NLH-7 Document 11 Filed 02/13/19 Entered 02/13/19 15:54:24 Desc Main

Case 18-01617-ABA    Doc 17    Filed 02/11/19    Entered 02/11/19    Page 12 of 20 PageID: 12
Case 18-01617-ABA    Doc 13    Filed 02/01/19    Entered 02/01/19 09:19:09    Desc Main
                    Document    Page 6 of 14

Case 18-24064-ABA    Doc 81    Filed 01/15/19    Entered 01/16/19 08:17:30    Desc Main
                    Document    Page 2 of 2

thereafter would be at the variable rate set forth in the Note. *Id.*, pp. 34-35. That variable rate is why there is no amortization schedule for the second five years of the loan: it could not be known in advance what interest rate would be charged each month. Notably, Mr. Knaak recognizes in his motion that the amortization schedule finishes on December 1, 2012, that the amortization schedule is based on a 20-year amortization mortgage style amortization, and that all remaining principal and interest shall be due and payable 120 months from closing. Doc. No. 57, p. 3, ¶ 1.

Mr. Knaak asserts that he provided an original of the Note, and it states that the maturity date is December 18, 2014. But Mr. Knaak submitted an <u>unexecuted</u> Note—no signatures. Doc. No. 57-3, pp. 15-20 of 42. During the hearing Mr. Knaak confirmed that he has no other documents that have signatures on them and more importantly, that he has no competing *executed* documents that contain different maturity dates. In short, he has produced no evidence of a fraud. Meanwhile, Wells Fargo filed with its proof of claim the executed Note showing the December 18, 2017 maturity date.

In addition, Mr. Knaak cited to no authority holding that an uncertainty as to a maturity date nullifies and/or voids the Note *ab initio*, or more simply, how a maturity date of 2017 instead of 2007 injures him. Again, he provided no proof that the Note and Mortgage were forged. Indeed, Mr. Knaak admits that he, his wife and his father executed the Note on December 18, 2007, and the Knaak Family Trust has been paying on that Note for over 10 years without issue, including after December 18, 2014.

As for Mr. Knaak's request that this court prohibit Wells Fargo from altering the original Note and producing it for inspection by a handwriting expert, preliminarily, this type of injunctive relief may not be initiated by motion: it must be brought by adversary proceeding. Fed. R. Bankr. P. 7001(7). Even setting that aside, it was Mr. Knaak's burden to prove that Wells Fargo is destroying or altering documents and/or submitting fraudulent documents to the court. He has not met that burden and in fact, he said he had no evidence of same. Indeed, nothing in his filing supports the actions alleged. In light of the above explanation of the terms of the Note and Mortgage and Mr. Knaak's own statements/admissions, the court finds no basis to find that Wells Fargo is doing anything of the kind.

Mr. Knaak also asks that his Adversary Proceeding docketed at 18-1533-ABA be stayed. First, this request should have been filed in the Adversary Proceeding, not the main bankruptcy case. However, that proceeding had been dismissed by order of this court entered December 10, 2018. Though Mr. Knaak appealed that order, the appeal was dismissed by order entered January 8, 2019, returning jurisdiction over the adversary proceeding to this court. Thus, the Adversary Proceeding cannot now be stayed as it has been dismissed. Even if the Adversary Proceeding could be stayed, Mr. Knaak has not satisfied his burden under the Motion. Unsupported or bald assertions will not suffice.

Notwithstanding the foregoing, Wells Fargo stated on the record that no documents would be destroyed. Wells Fargo also offered that it would make the documents available for Mr. Knaak to *personally* inspect. Mr. Knaak has provided absolutely no evidence of competing documents, impropriety and/or fraud and consequently, no basis for inspection of the documents by a separate handwriting expert is warranted.

Accordingly, for the reasons stated above, and for good cause shown, the court denies Mr. Knaak's Motion but provides for certain conditions.

The court reserves the right to revise its findings of fact and conclusions of law.

An appropriate judgment has been entered consistent with this decision and is enclosed.

/s/ Andrew B. Altenburg, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY CO.
DISTRICT OF NEW JERSEY

Order Filed on January 16, 2019
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In Re: | Case No.: 18-24064-ABA |
| | Chapter: 13 |
| Robert W. Knaak, | Hearing Date: January 15, 2019 |
| Debtor(s). | Judge: Andrew B. Altenburg, Jr. |

## ORDER DENYING MOTION WITH CONDITIONS

The relief set forth on the following page, numbered two, is hereby ORDERED.

DATED: January 16, 2019

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

Case 1:19-cv-05523-NLH Document 1-1 Filed 02/13/19 Page 14 of 20 PageID: 14

Case 18-01617-ABA    Doc 17    Filed 02/11/19    Entered 02/11/19 15:54:24    Desc Main
                               Document    Page 8 of 14

Case 18-01617-ABA    Doc 13    Filed 02/01/19    Entered 02/01/19 09:19:09    Desc Main

Case 18-24064-ABA    Doc 82    Filed 01/16/19    Entered 01/16/19 08:20:39    Desc Main
                               Document    Page 2 of 2

*In re Robert W. Knaak*
*Case No.: 18-24064-ABA*
*Order Denying With Conditions*
Page 2

---

THIS MATTER having come before the court by the Debtor through a Motion to Compel Wells Fargo Bank to not Destroy, alter in any way notes and Stay adv. Proceeding 18-1533 (Doc. No. 57) (the "Motion"); Wells Fargo Bank having filed no opposition but having appeared at the hearing; and Wells Fargo bank having stated on the record that no documents would be destroyed and that they would make the documents available for the Debtor to personally inspect; and the court considering the papers submitted; the parties appearing and arguing; and for the reasons set forth on the record in the court's oral opinion on January 15, 2019 and in its Memorandum Decision filed simultaneously herewith; and for good cause shown; it is

ORDERED that inasmuch as Wells Fargo having represented that no documents will be destroyed, and the Adversary Proceeding is dismissed thus not warranting a stay, the Motion is DENIED.

IT IS FURTHER ORDERED that Mr. Knaak may personally inspect the documents however, he has failed to meet his burden that inspection by a handwriting expert is warranted and as such, that portion of the Motion is also DENIED.

The court reserves the right to revise its findings of fact and conclusions of law.

EXHIBIT "B"

Case 18-24064-ABA    Doc 83    Filed 01/15/19    Entered 01/16/19 08:29:06    Desc Main
Document    Page 1 of 3

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW JERSEY
#### MITCHELL H. COHEN U.S. COURTHOUSE
401 Market Street
P.O. BOX 2067
CAMDEN, NJ 08101-2067

Andrew B. Altenburg, Jr.                                                                    (856) 361-2320
U.S. BANKRUPTCY JUDGE

                              January 15, 2019
                                                                        FILED
                                                                JEANNE A. NAUGHTON, CLERK
Mr. Robert W. Knaak
413 Pine Avenue                                                 JEANNE /    JAN 15 2019
Egg Harbor Twp, NJ 08234
                                                                        U.S. BANKRUPTCY COURT
                                                                            CAMDEN, N.J.
            RE:   *In re Knaak*                                   U.S. BANKRUPTCY           DEPUTY
                  Bankr. No. 18-24064-ABA                                   CAMDEN, N.J.
                  Hearing Date: January 15, 2019                BY                          DEPUTY

                        ## MEMORANDUM DECISION

Dear Mr. Knaak:

        This matter was originally brought before the court on the debtor, Mr. Knaak's, Motion
for Reconsideration with Certification to Review the Court's Findings in the Memorandum
Regarding To Convert This Case To Another Chapter In 14 Days Filed In His Main Bankruptcy
Case (the "Motion"). Doc. No. 61. The Chapter 13 Trustee filed a response, Doc. No. 72. The
matter has arisen because the court had pointed out in its Opinion entered December 10, 2018
(Doc. No. 13) dismissing Mr. Knaak's adversary proceeding (Adv. Proc. 18-1533-ABA the
"Adversary Proceeding") that the Wells Fargo claim puts Mr. Knaak's noncontingent, liquidated,
unsecured debts over the limit specified in section 109(e) of the Bankruptcy Code for Mr. Knaak
to be a debtor under chapter 13. That section limits eligibility to file chapter 13 to those
individuals that owe on the date of the filing of the petition, noncontingent, liquidated, unsecured
debts of less than $394,725 and noncontingent, liquidated, secured debts of less than $1,184,200.
As the Motion was filed in Mr. Knaak's main case and a response was received from the Chapter
13 Trustee, the court is treating it as a motion to determine Mr. Knaak's eligibility under section
109(e) because the court is cognizant of Mr. Knaak's self-represented status. Accordingly, the
court grants a certain degree of leniency. *In re Rusch*, No. BKR. 09-44799, 2010 WL 5394789,
at *2 (Bankr. D.N.J. Dec. 28, 2010) (citing *Huertas v. U.S. Dept. of Education*, 2010 WL
2771767 (D.N.J. 2010)). As such, Mr. Knaak's pleadings are being liberally construed. *See
Erickson v. Pardus*, 551 U.S. 89 (2007). The court will proceed on the merits of the Motion, as
opposed to narrowly focusing on procedural niceties. *Air Line Pilots Ass'n v. Continental
Airlines (In re Continental Airlines)*, 125 F.3d 120, 129 (3d Cir. Del. 1997). All pleadings shall
be so construed as to do substantial justice. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This
Memorandum Decision, together with record and oral opinion from the hearing on the Motion,
constitutes this court's findings of fact and conclusions of law as required by Federal Rule of
Bankruptcy Procedure 7052.

Case 1:19-cv-05523-NLH   Document 1-1   Filed 02/13/19   Page 17 of 20 PageID: 17

Case 18-01617-ABA    Doc 17   Filed 02/11/19   Entered 02/11/19 15:54:24    Desc Main
Case 18-01617-ABA    Doc 13   Filed 02/01/19   Entered 02/01/19 09:19:09    Desc Main
                      Document      Page 11 of 14

Case 18-24064-ABA    Doc 83   Filed 01/15/19   Entered 01/16/19 08:29:06    Desc Main
                      Document      Page 2 of 3

Undisputedly, Wells Fargo has filed a proof of claim for an unsecured claim on the date of the bankruptcy filing in the amount of $686,411.37. As to that claim, Mr. Knaak admits that the Knaak Family Real Estate Holdings, LLC, executed a Promissory Note on December 18, 2007 in the amount of $1,050,000. Mr. Knaak admits he and others, personally guaranteed that obligation.[1] It is undisputed that the obligation has not been paid in full and in fact, payments continue to be made thereon. While Mr. Knaak has disputed the standing of Wells Fargo to file a proof of claim (a dispute that has been dismissed by this court) and has recently theorized in a new complaint that Wells Fargo allegedly perpetrated a fraud, he has submitted no evidence that the amount set forth in Wells Fargo's proof of claim was inaccurate. The court need not credit a self-represented party's "bald assertions" or "legal conclusions." *Telfair v. Tandy*, No. CIV.A. 08-731(WJM), 2008 WL 4661697, at *3 (D.N.J. Oct. 20, 2008). And because Bankruptcy Rule 3001(f) deems an unsecured proof of claim prima facie evidence of the validity and the amount of the claim absent evidence to the contrary, Wells Fargo's proof of claim for an unsecured claim in the amount of $686,411.37 stands. Accordingly, for purposes of section 109(e) of the Bankruptcy Code, Mr. Knaak's unsecured debt exceed the eligibility limits to file chapter 13 case.

Mr. Knaak objects to this conclusion. His primary argument is that because he and the other guarantor agreed between them that each would only be liable for half the guaranteed amount, his total unsecured debt is under the limit. Doc. No. 61, ¶ 6. But this argument falters. In the attachments to his very own motion, Mr. Knaak sets forth the reason his argument is unpersuasive. The guaranty he and his wife, Sarah Knaak, signed, makes them "jointly and severally" obligated for the guaranteed obligations, namely, the $686,411.37 owed to Wells Fargo. *See* Doc. No. 61-1, Ex. D.

The United States Supreme Court has stated that "If two or more defendants jointly cause harm, each defendant is held liable for the entire amount of the harm; provided, however, that the plaintiff recover only once for the full amount." *Honeycutt v. United States*, 137 S. Ct. 1626, 1631 (2017). The Third Circuit Court of Appeals has also explained:

> "A liability is joint and several when 'the creditor may sue one or more of the parties to such liability separately, or all of them together, at his [or her] option.'" *United States v. Gregg*, 226 F.3d 253, 260 (3d Cir. 2000) (citation omitted). Accordingly, "an assertion of joint and several liability is an assertion that *each* defendant is liable for the entire amount, although the plaintiff only recovers the entire amount once." *Golden v. Golden*, 382 F.3d 348, 355 n. 5 (3d Cir.2004) (emphasis in original).

*S.E.C. v. J.W. Barclay & Co.*, 442 F.3d 834, 843 (3d Cir. 2006). It has been held that where an agreement imposes joint and several liability on co-obligors, suit can be brought against one obligor without joining the other. *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 406 (3d Cir. 1993). Thus, "[b]ecause Appellants were held jointly and severally liable, however, each was individually responsible for the entire obligation." *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1337 (11th Cir. 2002). "The essence of joint and several liability is that the

---

[1] In its Memorandum Decision in connection with its Order Dismissing Adversary Proceeding the Adversary Proceeding, Doc. Nos. 13 and 14, respectively, the court thoroughly explained why Wells Fargo has standing and why it has a claim in this case. That Memorandum Decision in incorporated herein by reference.

Case 1:19-cv-05523-NLH   Document 1-1   Filed 02/13/19   Page 18 of 20 PageID: 18

Case 18-01617-ABA   Doc 17   Filed 02/11/19   Entered 02/11/19 15:54:24   Desc Main

Case 18-01617-ABA   Doc 13   Filed 02/01/19   Entered 02/01/19 09:19:09   Desc Main
                                Document      Page 12 of 14

Case 18-24064-ABA   Doc 83   Filed 01/15/19   Entered 01/16/19 08:29:06   Desc Main
                                Document      Page 3 of 3

liable party may be sued at anytime either alone for the entire judgment or jointly with a co-liable party." *The Corner Associates v. W.R. Grace & Co.-Conn.*, 173 F.3d 424 (4th Cir. 1999). Indeed, "the possibility defendants may have to shoulder the entire loss if found liable is a necessary consequence of joint and several liability." *Gen. Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 319 (3d Cir. 2007). *See Am. Home Mortgage Corp. v. First Am. Title Ins. Co.*, CIV.A.07-01257(JLL), 2007 WL 3349320, at *8 (D.N.J. Nov. 9, 2007) ("American Home can recover fully from First American despite the absence of other alleged tortfeasors, given the rules of joint and several liability.").

More persuasive, the definition of joint and several liability that Mr. Knaak attached to his motion similarly explains:

> "Under joint and several liability . . . , a claimant may pursue an obligation against any one party as if they were jointly liable and it becomes the responsibility of the defendants to sort out their respective proportions of liability and payment. This means that if the claimant pursues one defendant and receives payment, that defendant must then pursue the other obligors for a contribution to their share of the liability."

Doc. No. 61-1, p. 13.

In other words, Wells Fargo has a claim of $686,411.37 that it can collect in full from either Mr. Knaak or his wife. That Mr. Knaak and his wife have an agreement *between them* does not affect the amount of his individual liability to Wells Fargo. Under the Guaranty that Mr. Knaak signed, he does not have the option to pay Wells Fargo only half of the guaranteed amount and then tell Wells Fargo to collect the rest from his wife. *See Gen. Contract Purchase Corp. v. Moon Carrier Corp.*, 129 N.J.L. 431, 435 (1943) (internal citations omitted) ("The rule is that the purchaser of a negotiable instrument is unaffected by collateral agreements of which he has had no notice, and if a bill or a note makes no reference to collateral securities or agreements the purchaser is not bound to make inquiries concerning the possible existence or nature of the same."). Mr. Knaak has presented no evidence that Wells Fargo had notice of an agreement between him and his wife, if any, and there is no reference to any such agreement in the Guaranty. He did not submit any written agreement between him and his wife. *See Victory Entm't, Inc. v. Schibell*, A-3388-16T2, 2018 WL 3059696, at *9 (N.J. Super. Ct. App. Div. June 21, 2018) ("Where "two documents were separate pieces of paper but it was obvious . . . that they were interrelated parts of a single transaction," the documents are treated as a unitary contract."). Even if such an agreement did exist, it is not binding on Wells Fargo.

Accordingly, the court denies the Motion. An appropriate judgment has been entered consistent with this decision and is enclosed. Mr. Knaak has 14 days to either convert his case to chapter 7 or 11, else his case will be dismissed as he is ineligible to be a debtor under chapter 13. The court reserves the right to further supplement its findings of fact and conclusions of law.

/s/ Andrew B. Altenburg, Jr.
United States Bankruptcy Judge

cc:   Isabel C. Balboa, Chapter 13 Trustee

Case 18-24064-ABA    Doc 84    Filed 01/16/19    Entered 01/16/19 08:32:43    Desc Main
                    Document        Page 1 of 2

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Order Filed on January 16, 2019
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| In Re: | | Case No.: | 18-24064-ABA |
|--------|--|-----------|--------------|
| | | Chapter: | 13 |
| Robert W. Knaak, | Debtor(s). | Hearing Date: | January 15, 2019 |
| | | Judge: | Andrew B. Altenburg, Jr. |

### ORDER DENYING MOTION RE: AND RECONSIDERATION WITH CERTIFICATION TO REVIEW THE COURTS FINDINGS IN THE MEMORANDUM REGARDING TO CONVERT THIS CASE TO ANOTHER CHAPTER IN 14 DAYS

The relief set forth on the following page, numbered two, is hereby ORDERED.

DATED: January 16, 2019

_____
Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

Case 1:19-cv-05523-NLH Document 1-1 Filed 02/13/19 Page 20 of 20 PageID: 20
Case 18-01617-ABA    Doc 17   Filed 02/11/19   Entered 02/11/19 15:54:24   Desc Main
Case 18-01617-ABA    Doc 13   Filed 02/01/19   Entered 02/01/19 09:19:09   Desc Main
Document    Page 14 of 14

Case 18-24064-ABA    Doc 84   Filed 01/16/19   Entered 01/16/19 08:32:43   Desc Main
Document    Page 2 of 2

*In re Robert W. Knaak*
*Case No.: 18-24064-ABA*
*Order Denying Motion re: and Reconsideration with Certification to Review the Courts Findings in the Memorandum regarding to Convert this Case to another Chapter in 14 days*
Page 2

---

THIS MATTER having come before the court by the Debtor through a Motion re: and Reconsideration with Certification to Review the Courts Findings in the Memorandum regarding to Convert this Case to another Chapter in 14 days (Doc. No. 61); and the court considering the papers submitted; the parties appearing and arguing; and for the reasons set forth on the record in the court's oral opinion on and Memorandum Decision of January 15, 2019; and for good cause shown; it is

ORDERED that the Motion re: and Reconsideration with Certification to Review the Courts Findings in the Memorandum regarding to Convert this Case to another Chapter in 14 days is DENIED.

IT IS FURTHER ORDERED that if the Debtor's case is not converted within fourteen (14) days from the entry of this order, the case will be dismissed without further notice.

The court reserves the right to revise its findings of fact and conclusions of law.